O’Donnell, J.,
concurring.
{¶ 39} The majority has correctly concluded that the judgment of the court of appeals should be reversed; I write separately to emphasize the fact that the Richland County Juvenile Court had exercised jurisdiction over Aiden Stein, had not terminated parental rights, and in my view, never relinquished its jurisdiction over the custody of the infant.
{¶ 40} Against that factual background, after the infant was transported to Akron Children’s Hospital in Summit County and at the request of the hospital, Ellen Kaforey, an attorney and a nurse, applied to the probate court to serve as guardian for the infant.
{¶ 41} The parties consented to her appointment, but not to her authority to withdraw life support; despite the agreement, the Summit County Probate Court granted her that authority.
{¶ 42} Two questions arise: one, which court should be acting on the infant’s behalf, and two, does the statute authorize a probate court to terminate life support of a minor? The answer to the first question is that the Richland County Juvenile Court has jurisdiction over this child and the answer to the second is that the legislature has not provided authority to a probate court to exercise this jurisdiction. Decisions of this kind involving minors are properly left to parents. Unless or until their rights as to their child are terminated, they are the proper parties to make the decision with respect to their own child.
*38 {¶ 43} I do not agree that a guardian is in a position to make decisions regarding the termination of life support for Aiden if the Richland County Juvenile Court does terminate parental rights. Juvenile courts of our state must consider the best interest of the child in making custody decisions and must place custody of the child with the party best suited to provide care. See, generally, R.C. 2151.353 and 2151.414.
{¶ 44} The General Assembly recognized the role of parents and the duty of courts to defer to the decisions of parents or those who exercise parental rights and, in enacting R.C. 2133.08 regarding the rights of the terminally ill, specifically chose to extend application only to adults, and not to minors.
{¶ 45} Therefore, in my view, the Summit County Probate Court abused its discretion in authorizing the guardian to terminate life support for Aiden Stein. Accordingly, I concur with the majority in its decision to order the Summit County Probate Court to amend its judgment deleting the authority to withdraw life support, because that is not authorized by R.C. 2133.08, but I would also remand the matter to the Richland County Juvenile Court for further proceedings regarding the adjudication of parental rights.